**SIGNED THIS: May 19, 2017**

_____
**Thomas L. Perkins
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ARTHUR GILLEN, | ) | Case No.  16-81595 |
| | ) | |
| Debtor. | ) | |

**O P I N I O N**

This matter is before the Court on confirmation of the Chapter 13 Plan filed by Arthur Gillen (DEBTOR) and the objection thereto by the Standing Chapter 13 Trustee, Marsha Combs-Skinner. The plan is for a term of sixty (60) months and will pay unsecured creditors in full, without interest. The Trustee's basis for objecting is that the DEBTOR has failed to commit all of his monthly disposable income to the plan, which if he did so would result in a substantially shorter plan term and quicker payoff for creditors. If the DEBTOR is not willing to increase the monthly payment amount, the Trustee asserts that he should be required to provide for the present value of unsecured creditors' claims by paying those claims with interest. The issue turns on the interpretation of section 1325(b)(1).

1

The material facts are not in dispute. The DEBTOR filed his Chapter 13 petition on November 4, 2016. He is single with no dependents. A retiree, he receives a substantial pension payment each month, plus social security, giving him monthly net income of $7,054.00. After deducting his expenses, the DEBTOR's monthly net income as calculated on Schedule J is $4,085.12. The DEBTOR's Form 122C-1 shows he is an over-median debtor with a monthly disposable income of $2,020.40 as calculated on Form 122C-2. The DEBTOR's Chapter 13 plan proposes a monthly payment of $1,262.00 over sixty (60) months for a total paid in of $75,720.00. After deducting the amounts required for administrative fees, priority and secured claims, the amount remaining, $44,664.25, is sufficient to pay all timely filed unsecured claims in full. The DEBTOR does not dispute that he has excess disposable income great enough to pay interest on allowed unsecured claims if forced to do so.

The Trustee filed her Confirmation Report on January 4, 2017, stating that the DEBTOR's monthly plan payment should be increased to $2,020.40 or the plan should compensate unsecured creditors with interest. No creditors have objected to the plan, but the Trustee raised her objection at the confirmation hearing on January 19, 2017 and the parties were given time to brief the issue. The Trustee asserts that the DEBTOR has the ability to complete the plan in less than sixty (60) months and, because the plan does not commit his entire monthly disposable income for payment to the Trustee, the DEBTOR should be required to account for the time value of money by paying interest on unsecured claims. The Trustee contends that interest is mandated by section 1325(b)(1)(A).

The DEBTOR admits that his plan cannot be confirmed under Section 1325(b)(1)(B), because it does not propose to submit all of his monthly disposable income to the Trustee. The DEBTOR argues that the plan may be confirmed because it proposes to pay all unsecured claims

2

in full, albeit without interest. The DEBTOR argues that 1325(b)(1)(A) does not require that a debtor pay present value because the phrase "as of the effective date" in section 1325(b)(1) refers only to the timing of the determination.

The Trustee, while conceding that the DEBTOR's plan need only satisfy either section 1325(b)(1)(A) or (B) in order to be confirmed over her objection, argues that the proper interpretation of the statute requires the lead-in phrase of 1325(b)(1), "as of the effective date of the plan" to be read as modifying subsection (b)(1)(A)'s requirement to pay "the value." In other words, the Trustee argues that the statute must be construed to require the DEBTOR to pay interest on his unsecured claims as a condition of confirming a plan where the monthly payment amount is less than his disposable income.

The sole issue is whether the DEBTOR's proposed Chapter 13 plan satisfies the requirements for confirmation by proposing to pay unsecured creditors in full, but without interest, even though he is not submitting all of his monthly disposable income to the Trustee. A Chapter 13 plan must meet the requirements set out in 11 U.S.C. §1325 to be confirmed. If a proposed plan satisfies section 1325(a), then, absent an objection by the trustee or a creditor, the statute compels a bankruptcy court to confirm the plan without fashioning additional requirements. *See Petro v. Mishler*, 276 F.3d 375, 378 (7th Cir. 2002).

Section 1325(b) determines the requirements a debtor must meet in order to have a plan confirmed in the event of an objection, and it reads:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be

3

> received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b) (West 2016). The statute is written in the disjunctive, which means that the debtor must conform to either section 1325(b)(1)(A) or (B) to defeat an objection to the plan. *Hamilton v. Lanning*, 560 U.S. 505, 508-09 (2010).

Section 1325(b)(1) addresses cases where a plan proposes monthly payments of an amount less than the full amount of the debtor's projected disposable income, with the consequent trade-off that the term of the plan is longer than it would otherwise be if the monthly payment amount was increased. One option for the debtor to overcome an objection to confirmation by the trustee or an unsecured creditor is to increase the monthly payments and shorten the term of the plan as permitted by section 1325(b)(1)(B). The alternative option, under section 1325(b)(1)(A), is for the debtor to pay all allowed unsecured claims in full, which would permit confirmation of the plan even if the monthly payments are less than the debtor's monthly disposable income. *In re Bailey,* 2013 WL 6145819 (Bankr. E.D. Ky.)(when the trustee objects, a debtor may satisfy §1325(b) by paying all unsecured creditors in full under paragraph (1)(A)). This "full payment" option is available only if the debtor has the financial ability, based upon the amount of allowed claims and disposable income, to pay all allowed unsecured claims in full through the plan. Debtors for whom full payment is not feasible because they have insufficient disposable income may only overcome an objection by increasing their proposed monthly payments to the full amount of their projected disposable income.

A split of authority has developed among bankruptcy courts as to whether debtors electing the full payment option are obligated to pay interest on the unsecured claims. Representative of the line of cases holding that interest is not required are *In re Edward*, 560 B.R. 797 (Bankr. W.D.

4

Wash. 2016) and *In re Stewart-Harrel*, 443 B.R. 219 (Bankr. N.D. Ga. 2011). Cases that hold that interest is required include *In re Hight-Goodspeed*, 486 B.R. 462 (Bank. N.D. Ind. 2012) and *In re Barnes*, 528 B.R. 501 (Bankr. S.D. Ga. 2015). Courts uniformly recognize the general rule that unsecured creditors are not entitled to receive post-petition interest on their allowed claims. *See* 11 U.S.C. §502(b); *In re Foster,* 319 F.3d 495, 497 (9th Cir. 2003). The bankruptcy code contains a handful of exceptions to the rule prohibiting post-petition interest, such as section 1325(a)(4) requiring as a condition of confirmation of a plan that the present value of payments to be made to unsecured creditors not be less than what they would receive in a hypothetical liquidation under chapter 7.

The first bankruptcy court opinion to address the issue, holding that the term "as of the effective date of the plan --- the value of the property to be distributed under the plan" is best interpreted as an implicit present value requirement, is *In re Rhein*, 73 B.R. 285 (Bankr. E.D. Mich. 1987). Relying primarily upon commentary set forth in Norton Bankruptcy Law and Practice, while noting the contrary position taken in Collier on Bankruptcy, the *Rhein* court compared the language of section 1325(b)(1)(A) with similar provisions set forth in sections 1325(a)(4) and (a)(5)(B)(ii). In the latter two provisions, the phraseology is as follows: "the value, as of the effective date of the plan, of property to be distributed under the plan …." Like Norton, the *Rhein* court placed no significance on the difference in the juxtaposition of the phrase "as of the effective date of the plan." The *Rhein* court rejected the contrary viewpoint taken by Collier on Bankruptcy that section 1325(b)(1)(A) does not require payment of the present value of the claim.

*Rhein* was quickly disagreed with by the court in *In re Eaton*, 130 B.R. 74 (Bankr. S.D. Iowa 1991), where Judge Hill noted that in the Bankruptcy Code Congress meant present value whenever it used the specific phrase "value, as of the effective date of the plan." Since that specific

5

phrase was not used in section 1325(b)(1)(A) and since there is no indication in the legislative history that present value was intended, Judge Hill held that the debtor was not required to pay interest on unsecured claims to overcome the objection to confirmation.

Like the *Eaton* court, other courts on the "no interest" side of the dispute reason that the juxtaposition makes all the difference. That the difference in phraseology reflects an intentional legislative distinction is best understood by considering the justification for paying interest to certain classes of creditors and not others. As used in section 1325(a)(4) and (a)(5)(B)(ii), "value, as of the effective date of the plan," is uniformly recognized to mean "present value." Discounting a stream of future payments to present value requires the payment of interest in order to compensate for the loss in value of money due to inflation. With respect to section 1325(a)(5), the payment of interest to a secured creditor is warranted because a secured creditor has the right, under nonbankruptcy law, to immediate payment via liquidation of its collateral. Since a Chapter 13 debtor has the power to force a secured creditor to accept a stream of future payments in satisfaction of its secured claim, the payment of interest is necessary to put the secured creditor in the position it would have been in but for the bankruptcy. 8 Collier on Bankruptcy ¶1325.06[3][b][iii][B] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

Similarly, with respect to section 1325(a)(4), unsecured creditors with claims against a solvent Chapter 7 estate have an immediate right to payment upon liquidation of the debtor's nonexempt assets and the trustee's Chapter 5 avoidance and collection actions. The payment of interest is necessary to put the unsecured creditors in the same position they would have enjoyed in the hypothetical Chapter 7 liquidation. 8 Collier on Bankruptcy ¶1325.05[2][b] (sections 1325(a)(4) and (a)(5) "share the goal of compensating creditors for a delay in payments they would otherwise receive immediately").

Apart from the exceptional right to interest under section 1325(a)(4), however, unsecured creditors in a Chapter 13 case have no right to an immediate payment in full at the front end of the case. The source of their payments is not a pot of assets in existence on the petition date or the date of confirmation. Rather, unsecured creditors get paid from the debtor's future income, which in Chapter 13 becomes property of the estate when received. Where there is no forced deferral of any pre-existing payment right, there is no entitlement to interest.

The phraseology of section 1325(b)(1)(A) reflects this policy distinction. The differing juxtaposition of the phrase "as of the effective date of the plan" must be considered to be a purposeful placement by Congress that conveys a distinction from the similar but not identical phrasing of sections 1325(a)(4) and (a)(5)(B)(ii). See *Loughrin v. U.S.*, 134 S.Ct. 2384, 2391 (2014)(textual differences between similar language in the same statute is indicative of an intentional distinction by the drafter). Section 1325(b)(1) was added to the bankruptcy code by the Bankruptcy Amendments and Federal Judgeship Act of 1984. By the time of that amendatory legislation, it was already well understood in the federal court system, that by placing the modifying phrase "as of the effective date of the plan" immediately after the word "value," Congress intended sections 1325(a)(4) and (a)(5) to mean that the plan payments must be discounted to present value as of the effective date of the plan. *See*, *e.g.*, *In re Martin*, 17 B.R. 924 (N.D. Ill. 1982). Legislative history supports this conclusion. *Id*. at 925-26.

In this Court's view, if Congress had intended to require a debtor to pay interest on allowed unsecured claims under section 1325(b)(1)(A), Congress would have maintained statutory consistency by placing the phrase "as of the effective date of the plan" immediately after the word "value." The different placement is best construed as conveying a different meaning. Additionally, it is not at all apparent what additional meaning the phrase "as of the effective date of the plan"

7

provides to section 1325(b)(1)(B), which makes perfect sense without that phrase and becomes confusing only when the phrase is included. So the placement of the phrase "as of the effective date of the plan" in the prefatory portion of section 1325(b)(1) is unlikely to have been because Congress intended it to modify subparagraph (B) in addition to subparagraph (A). A reasonable explanation for its placement is that Congress moved it outside of subparagraph (A) so that subparagraph (A) would not be misconstrued as containing a present value requirement.

This Court disagrees with the Trustee's contention that the phrase "as of the effective date of the plan," despite its removed location, must nevertheless be construed as modifying the term "value." Section 1325(b)(1)(A) requires the bankruptcy court to compare two amounts: (1) the amount of allowed unsecured claims, with (2) the amount of the distributions proposed to be made under the plan to the holders of those claims. The phrase "as of the effective date of the plan" logically identifies the date that that comparison is to be made. Using the effective date of the plan, which in chapter 13 is almost always the date of confirmation, permits confirmation to occur without having to wait until all claims litigation is concluded or until an undersecured creditor liquidates its collateral and thereby establishes the unsecured component of its allowed claim. If additional unsecured claims are allowed after confirmation, the plan may be modified under section 1329 to ensure that all allowed general unsecured claims will be paid in full.

For the foregoing reasons, this Court holds that under section 1325(b)(1)(A), a debtor may overcome a trustee's objection to confirmation by proposing to pay 100% of allowed unsecured claims, without interest. The DEBTOR's plan does so and is, accordingly, confirmable. The Trustee's objection will be denied. A separate Order will be entered.

###